IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0391
════════════
 
In re Texas Department 
of
Family and Protective 
Services, Relator
 
 
════════════════════════════════════════════════════
On Petition for Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
Justice O’Neill filed an 
opinion concurring in part and dissenting in part, in which Justice Johnson and Justice Willett joined.
 
 
            
The Yearning for Zion Ranch is a 1,700-acre complex near Eldorado, 
Texas, that is home to a large 
community associated with the Fundamentalist Church of Jesus Christ of Latter 
Day Saints. On March 29, 2008, the Texas Department of Family Protective 
Services received a telephone call reporting that a sixteen-year-old girl named 
Sarah was being physically and sexually abused at the Ranch. On April 3, about 
9:00 p.m., Department investigators and law enforcement officials entered the 
Ranch, and throughout the night they interviewed adults and children and 
searched for documents. Concerned that the community had a culture of polygamy 
and of directing girls younger than eighteen to enter spiritual unions with 
older men and have children, the Department took possession of all 468 children 
at the Ranch without a court order.[1] The Department calls this “the largest 
child protection case documented in the history of the United States.” 
It never located the girl Sarah who was the subject of the March 29 call.
            
The Department then filed several suits affecting the parent-child 
relationship (“SAPCRs”)[2] requesting emergency orders removing the 
children from their parents and limiting the parents’ access to the children. 
The Department also requested appointment as temporary sole managing conservator 
of the children, genetic testing, and permanent relief. On April 17-18, the 
district court conducted the adversary hearing required by section 262.201(a) of 
the Texas Family Code.[3] Subsections (b) and (c) state in relevant 
part:
 
            
(b)        At the conclusion of the 
full adversary hearing, the court shall order the return of the child to the 
parent . . . entitled to possession unless the court finds sufficient evidence 
to satisfy a person of ordinary prudence and caution that:
 
            
(1)        there was a danger to the physical health or safety of the 
child which was caused by an act or failure to act of the person entitled to 
possession and for the child to remain in the home is contrary to the welfare of 
the child;
 
            
(2)        the urgent need for 
protection required the immediate removal of the child and reasonable efforts, 
consistent with the circumstances and providing for the safety of the child, 
were made to eliminate or prevent the child's removal; and
 
            
(3)        reasonable efforts have been made to enable the child to 
return home, but there is a substantial risk of a continuing danger if the child 
is returned home.
 
            
(c)        If the court finds 
sufficient evidence to satisfy a person of ordinary prudence and caution that 
there is a continuing danger to the physical health or safety of the child and 
for the child to remain in the home is contrary to the welfare of the child, the 
court shall issue an appropriate temporary order under Chapter 105.
 
The hearing 
was attended by scores of attorneys for the parties, attorneys ad litem, guardians ad 
litem, Texas Court Appointed Special Advocates (CASA), 
and many others. The hearing was conducted in the courtroom in San Angelo with overflow 
participants in the city auditorium. At the conclusion of the hearing, the 
district court issued temporary orders continuing the Department’s custody of 
the children and allowing for visitation by the parents only with the 
Department’s agreement.
            
Thirty-eight mothers petitioned the court of appeals for review by 
mandamus, seeking return of their 126 children. The record reflects that at 
least 117 of the children are under 13 and that two boys are 13 and 17. The ages 
of the other seven, at least two of whom are boys, are not shown. Concluding 
that the Department had failed to meet its burden of proof under section 
262.201(b)(1), the court of appeals directed the 
district to vacate its temporary orders granting the Department custody. In 
re Steed, ___ S.W.3d ___ (Tex. App.–Austin 2008, orig. proceeding) (mem. op.).
            
The Department petitioned this Court for review by mandamus. Having 
carefully examined the testimony at the adversary hearing and the other evidence 
before us, we are not inclined to disturb the court of appeals’ decision. On the 
record before us, removal of the children was not warranted. The Department 
argues without explanation that the court of appeals’ decision leaves the 
Department unable to protect the children’s safety, but the Family Code gives 
the district court broad authority to protect children short of separating them 
from their parents and placing them in foster care. The court may make and 
modify temporary orders “for the safety and welfare of the child,”[4] including an order “restraining a party 
from removing the child beyond a geographical area identified by the court.”[5] The court may also order the removal of 
an alleged perpetrator from the child’s home[6] and may issue orders to assist the 
Department in its investigation.[7] The Code prohibits interference with an 
investigation,[8] and a person who relocates a residence or 
conceals a child with the intent to interfere with an investigation commits an 
offense.[9]
            
While the district court must vacate the current temporary custody orders 
as directed by the court of appeals, it need not do so without granting other 
appropriate relief to protect the children, as the mothers involved in this 
proceeding concede in response to the Department’s motion for emergency relief. 
The court of appeals’ decision does not conclude the SAPCR proceedings.
            
Although the SAPCRs involve important, 
fundamental issues concerning parental rights and the State’s interest in 
protecting children, it is premature for us to address those issues. The 
Department’s petition for mandamus is denied.
 
Opinion 
issued: May 29, 2008






[1] 
See Tex. Fam. Code § 
262.104(a) (“If there is no time to obtain a temporary restraining order or 
attachment before taking possession of a child consistent with the health and 
safety of that child, an authorized representative of the Department of Family 
and Protective Services . . . may take possession of a child without a court 
order under the following conditions, only: (1) on personal knowledge of facts 
that would lead a person of ordinary prudence and caution to believe that there 
is an immediate danger to the physical health or safety of the child; (2) on 
information furnished by another that has been corroborated by personal 
knowledge of facts and all of which taken together would lead a person of 
ordinary prudence and caution to believe that there is an immediate danger to 
the physical health or safety of the child; (3) on personal knowledge of facts 
that would lead a person of ordinary prudence and caution to believe that the 
child has been the victim of sexual abuse; (4) on information furnished by 
another that has been corroborated by personal knowledge of facts and all of 
which taken together would lead a person of ordinary prudence and caution to 
believe that the child has been the victim of sexual abuse . . . .”).

[2] 
See Tex. Fam. Code § 
262.105(a) (“When a child is taken into possession without a court order, the 
person taking the child into possession, without unnecessary delay, shall: (1) 
file a suit affecting the parent-child relationship; (2) request the court to 
appoint an attorney ad litem for the child; and (3) 
request an initial hearing to be held by no later than the first working day 
after the date the child is taken into possession.”).

[3] 
Section 262.201(a) provides: “Unless the child has already been returned to the 
parent, managing conservator, possessory conservator, 
guardian, caretaker, or custodian entitled to possession and the temporary 
order, if any, has been dissolved, a full adversary hearing shall be held not 
later than the 14th day after the date the child was taken into possession by 
the governmental entity.”

[4] 
Id. § 
105.001(a); see id. § 262.205.

[5] 
Id. § 
105.001(a)(4).

[6] 
Id. § 
262.1015.

[7] 
Id. § 
261.303(b)-(c).

[8] 
Id. § 
261.303(a).

[9] 
Id. § 
261.3032.